# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### July 20, 2005 Session

## STATE OF TENNESSEE v. CHRISTOPHER PARSLEY

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-54503     Don Ash, Judge**

---

**No. M2004-01344-CCA-R3-CD - Filed October 31, 2005**

---

The defendant, Christopher David Parsley, appeals his sentence of three years for aggravated burglary and one year for sexual battery, to be served concurrently. A split confinement sentence was imposed of seven months to serve followed by three years of supervised probation. The defendant contends that the trial court erred in failing to grant judicial diversion or, alternatively, full probation. After review, we affirm the sentence of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

John G. Mitchell and Valerie L. Malueg, Murfreesboro, Tennessee, for the appellant, Christopher Parsley.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and J. Paul Newman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Christopher David Parsley, was originally indicted for aggravated burglary, attempted rape, and sexual battery. The defendant entered into a plea agreement whereby the attempted rape charge was dismissed, and the defendant pled guilty to aggravated burglary, a Class C felony, and sexual battery, a Class E felony. The defendant was a standard, Range I offender. Pursuant to the plea agreement, the trial court conducted a sentencing hearing and sentenced the defendant to three years for aggravated burglary and one year for sexual battery, to be served concurrently. A split confinement was ordered whereby the defendant would serve seven months of incarceration followed by three years of supervised probation. Additional conditions and restrictions were incorporated into the judgment.

The defendant appeals his sentence, alleging that the trial court improperly denied judicial diversion or alternatively, full probation.

The victim stated that she was approached by the defendant as she parked at her apartment. She recognized the defendant as a customer at the store where she worked. The victim went to her apartment and saw the defendant lurking in the breezeway just outside her door as she was taking out garbage. She dropped the garbage bag and went back in her apartment. The defendant forced his way inside. The defendant then grabbed the victim's crotch and breasts and placed his hand inside the back of her pants. The victim protested and pushed the defendant away, telling him that her boyfriend, a policeman, was due to arrive soon. The defendant exposed himself and stated his desire, in common vernacular, to have sex with her. The victim and defendant struggled, resulting in several personal items being knocked to the floor and the victim receiving scratches on both forearms and a red spot on the right side of her face. The victim broke free and went outside, with the defendant following her. The victim was able to re-enter her apartment and secure the door, although the defendant attempted to again break in.

This previous version was contained in the presentence report. However, the victim testified at the sentencing hearing and stated that the defendant did force entry after she had fled inside the second time. The defendant then left after seeing the victim phone her boyfriend.

The victim also testified concerning the effects of the trauma on her life. She stated that she now fears to work retail jobs, that she suffers emotionally, and that she is distrustful of others. She said that migraine headaches have increased and that she has had to take medications for stress. She stated that she had been unable to afford therapeutic counseling.

The defendant testified at the sentencing hearing that the victim had allowed his original entry "and then things got out of hand a little bit." The defendant admitted forcing his way inside on his second entry as the basis for his plea to aggravated burglary. However, he denied an intent to force the victim into having sex. The defendant also denied that he exposed himself to the victim. When asked on cross-examination if this was all his fault, the defendant responded as follows:

> Pretty much. But I don't know - - let me rephrase that. Some of this was because she wasn't as strong, violent towards me, as you would be if you were getting ready to - - she just, whenever I'd say something to her, like your boyfriend won't find out or you know, do it anyway. She wasn't real loud about it. She didn't yell at me. She didn't say no, no, no. She was just like real sweet innocent voice type of, you know, no, we can't do that and stuff like that. It wasn't anything like a loud yell or anything real forceful.

The presentence report indicated that the defendant was eighteen at the time of the offense and that he had no prior criminal record, had a good employment history, and was a high school graduate. At the time of sentencing, he resided with his mother, his older sister, and a nephew. A psychosexual evaluation of the defendant, prepared by a psychologist, was entered into evidence. The report concluded that the defendant was a high-moderate risk for re-offense.

Judicial diversion is the commonly used term describing sentencing pursuant to Tennessee Code Annotated section 40-35-313. Under the statute, qualified defendants may complete a diversion program and receive expungement of the record and dismissal of the charges. On review of a refusal to sentence by Tennessee Code Annotated section 40-35-113, the appellate court must determine if the trial court abused its discretion by the refusal. State v. Cutshaw, 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997); State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993). To find an abuse of discretion, we must determine that no substantial evidence supports the trial court's ruling. Cutshaw, 967 S.W.2d at 344; State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).

The trial court must consider certain criteria in determining whether an accused should be granted judicial diversion, including: (a) the defendant's amenability to correction; (b) the circumstances of the offense; (c) the defendant's criminal record; (d) the defendant's social history; (e) the defendant's physical and mental health; and (f) the deterrence value to the defendant and others. Cutshaw, 967 S.W.2d at 343-44; Parker, 932 S.W.2d at 958. An additional consideration is the likelihood that pretrial diversion will serve the ends of justice and the best interests of both the public and the defendant. Cutshaw, 967 S.W.2d at 344; Parker, 932 S.W.2d at 958.

In the instant case, the trial court dismissed summarily the defendant's request for judicial diversion, stating that the defendant's crimes were serious, violent, and inappropriate for diversion. However, the trial court did consider the criteria in determining the defendant's suitability for probation. The trial court noted that the defendant was employed and lived with his mother. The trial court considered both as positive factors. It found that there was no proof that deterrence to others was a factor and that the defendant had not engaged in similar conduct. On the other hand, the trial court commented negatively on the fact that the defendant had not availed himself of counseling in the intervening ten months. The incident involved two distinct acts of violence. The testimony of the victim concerning the defendant exposing himself was specifically accredited, thus rejecting the defendant's version and casting doubt on the defendant's credibility.

Although the trial court technically did not review the criteria required to determine eligibility for diversion, it did so in considering probation. Furthermore, we may review to determine if the correct result was reached notwithstanding a failure to follow the prescribed eligibility criteria. See State v. Electroplating Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998); State v. Talmadge G. Wilbanks, No. 02C01-9601-CR-00003, 1996 Tenn. Crim. App. LEXIS 726, at *10 (Tenn. Crim. App. at Jackson, Nov. 19, 1996).

In our view, the record supports the trial court's refusal to grant diversion. As the trial court noted, the defendant's candor is questionable. There are multiple indications in the record that the defendant has not accepted responsibility for his actions. This was evidenced by his testimony in which he attempted to place blame on the victim for not being forceful enough in her refusals. Furthermore, the defendant had not sought any counseling prior to the sentencing hearing. The psychosexual evaluation judged the defendant as a high-moderate risk to repeat as a sexual offender.

These factors reflect unfavorably on the defendant's amenability to correction. The grant of judicial diversion would not serve the best interests of the public.

Secondly, the defendant contends that the trial court erred in failing to impose a sentence of full probation. A defendant is eligible for probation if the sentence received by the defendant is eight years or less, subject to some statutory exclusions. Tenn. Code Ann. § 40-35-303(a). A defendant with a total effective sentence in excess of eight years is eligible for probation if the individual sentences imposed for the convictions fall within the probation eligibility requirements. State v. Langston, 708 S.W.2d 830, 832-33 (Tenn. 1986).

An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing, in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). A trial court must presume that a defendant sentenced to eight years or less and for whom incarceration is not a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Id. at 380. However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. Tenn. Code Ann. § 40-35-303(b); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b), Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). A defendant seeking full probation bears the burden on appeal of showing the sentence imposed is improper and that full probation will be in the best interest of the defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of both the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999).

Probation may be denied based solely upon the circumstances surrounding the offense. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995); Hartley, 818 S.W.2d at 374. However, the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree; and the nature of the offense must outweigh all factors favoring probation. Hartley, 818 S.W.2d at 374-75.

As we have observed previously, the trial court weighed the factors required to determine whether this statutorily eligible defendant was deserving of an alternative sentence. An alternative sentence was imposed although full probation was denied. Thus, the defendant has the burden of

showing that full probation is in the best interest of the defendant and the public. <u>Baker</u>, 966 S.W.2d at 434.

The trial court, in its consideration, noted several positive aspects favoring the defendant; lack of a criminal record, good record of employment, satisfactory living arrangements, and the absence of proof of the need for deterrence. The record also contains letters of commendation by members of the defendant's church family.

However, the same factors that militated against the grant of diversion resulted in the sentence of split confinement and probation. Those factors included the defendant's credibility issues and failure to take full responsibility for his criminal behavior. The defendant argues that since the defendant only learned of the results of the psychosexual evaluation one day prior to sentencing, his failure to enroll in counseling earlier is excused. However, his failure could just as well be read as further evidence of his attitude of responsibility-shifting and a lack of acceptance of the wrongfulness of his conduct. Although the defendant's crimes were "serious and violent," as characterized by the trial court, they were not so especially violent and reprehensible as to outweigh all positive factors in the absence of other negative considerations. The negative factors listed herein together with the psychosexual evaluation that categorized the defendant as a high-moderate risk to repeat, when considered together, justified the trial court's denial of full probation.

## Conclusion

The record in this case contains substantial evidence to justify the trial court's denial of judicial diversion despite the trial court's lack of a full analysis. Furthermore, the defendant has failed to meet his burden of showing that full probation would be in his or the public's best interests. Accordingly, we affirm the sentence of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE